**Saul KENT, William Faloon, the Life Extension Foundation, Plaintiffs–Appellants,**

v.

**James BENSON, Commissioner, Food and Drug Administration, U.S. Department of Health and Human Services, Dexter Lehtinen, U.S. Attorney for the Southern District of Florida, Defendants–Appellees.**

**No. 90–5710.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 22, 1991.

Michael Pasano, Zuckerman, Spaeder, Taylor & Evans, Humberto J. Pena, Guy A. Rasco, Miami, Fla., for plaintiffs-appellants.

Richard Essen, Essen & Essen, P.A., North Miami Beach, Fla., for William Faloon.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Barbara K. Bisno, Asst. U.S. Atty., Deborah S. Smolover, U.S. Dept. of Justice, Jacqueline H. Eagle, Office of Consumer Litigation, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before KRAVITCH and EDMONDSON, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

This is a frivolous appeal from the district court's denial of plaintiffs' suit to enjoin the United States Attorney from conducting a grand jury proceeding involving the plaintiffs. On or about April 9, 1990, appellants were advised by letter that they were targets of a federal grand jury investigation. The investigation involved an inquiry about whether plaintiffs and their companies had participated in criminal offenses involving the distribution of prescription drugs without a prescription and the distribution of unapproved new drugs.

■ The opening paragraph of appellant's complaint describes their cause of action.

This is an action in the nature of mandamus and pursuant to Title 5, United States Code, Section 702, to compel James Benson, the acting Commissioner of Food and Drug Administration, to follow his own statute, rules and regulations and to give the Plaintiffs appropriate notice and an opportunity to present information and views to show cause why criminal prosecution against them should not be recommended to the United States Attorney for the Southern District of Florida. This action also seeks to compel the United States Attorney for the Southern District of Florida to refrain from pursuing a federal criminal grand jury investigation of Plaintiffs and attempting to secure Plaintiffs' indictment until such time as James Benson, the acting Commissioner of Food and Drugs, has complied with the requirements of the Food and Drug Act and accompanying regulations. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1346 and 1361.

Record Excerpts at 2–1.

The relevant statute is Title 21 U.S.C. § 335, and provides:

Before any violation of this chapter is reported by the Secretary to any United States attorney for institution of a criminal proceeding, the person against whom such proceeding is contemplated shall be given appropriate notice and an opportunity to present his views, either orally or in writing, with regard to such contemplated proceeding.

The district court dismissed the complaint, holding that the court lacked the authority to grant relief. The appellants in effect were seeking an injunction of the grand jury proceeding and an advisory opinion from the Food and Drug Adminis-

tration with respect to whether their activities were illegal. The court was obviously correct in dismissing the complaint. Without getting into a lengthy history of the statute, suffice it to say that it was enacted on June 30, 1906. The law has been twice interpreted by the United States Supreme Court to deny the relief sought by appellants here. First, in *United States v. Morgan*, 222 U.S. 274, 32 S.Ct. 81, 56 L.Ed. 198 (1911), the Court closed its opinion with the following sentence:

> There is nothing in the nature of the offense under the pure food law, or in the language of the statute, which indicates that Congress intended to grant violators of this act a conditional immunity from prosecution, or to confer upon them a privilege not given every other person charged with a crime.

The Supreme Court confirmed this holding in *United States v. Dotterweich*, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943).

Appellants cite no authority to support the appeal of the district court order to this court and, of course, they have none. The arguments being without arguable merit, economic sanctions are in order, including reasonable attorneys fees and double costs. Upon receipt of the mandate, the district court, after hearing, should determine the amount. *See Hopson v. Fischbeck*, 758 F.2d 579 (11th Cir.1985).

AFFIRMED.